By the Court:
Section 6584, Revised Statutes, in the Justices’ Code of Civil Procedure, prescribes the mode of appeal from the judgment of a justice of the peace to the court of common pleas, and does not except parties, who are such in a fiduciary capacity and háve given bond in this state, and who appeal in the interest of their trust, from the requirements of notice and bond for appeal. In Section 5228, Revised Statutes, in the chapter relating to civil procedure in the court of common pleas, it is provided that: “A party in any trust capacity, who 'has given bond in this state with sureties according to law, shall not be required to give -bond and security to perfect an appeal,” and in Section 6408, Revised Statutes, in a chapter relating to civil procedure in probate courts, it is provided that: “When the person appealing, from any judgment or order in any court, or before any tribunal, is a party in a fiduciary capacity, in which he has given bond within the state, for the faithful discharge of his duties, and appeals in the interest of the trust, he shall not *88 be required to give bond, but shall be allowed the appeal, by giving written notice to the court of his intention to appeal within the time limited for giving bond.”
In Thomas, Admr. v. Moore, etc., 52 Ohio St., 200, it is decided that a party in' a fiduciary capacity to a case in the justice’s court, and who has given bond in this state, is not relieved bjr Section 6408 from giving bond for appeal from a justice’s court when the appeal is not in the interest of his trust, and in Browne, Assignee, v. Wallace, Assignee, et al., 66 Ohio St., 57, it is held that to perfect an appeal under 6408, Revised Statutes, a separate written notice to the court of an intention to appeal is necessary, and that a recital of notice in a journal entry is not sufficient. Ip the opinion in Thomas, Admr. v. Moore, supra, it is said that Section 6408, Revised Statutes, is applicable to appeals from justices of the peace and that Section 5228, Revised Statutes, is applicable onfy to appeals from the court of common' pleas to the circuit court; and in the opinion in Layer, Gdn. v. Schaber, Admr., 57 Ohio St., 234, it is said that Sections 5227 and 5228 apply to appeals from the common pleas court to the circuit court, and that Section 6408 applies to appeals from a probate court to the court of common pleas, and to appeals from other courts inferior to the court of conimon pleas. Unless some section other than 6408 applies, and unless these decisions are wrong, the judgments below are correct. Counsel for plaintiff in error contend that the statements referred to are merely obi-ter, that they are-based upon a mistaken view of the statutes, that Section 6408 is limited to appeals from the probate courts to courts of common pleas, *89 that Section 5228 is made applicable to appeals from justices to the court of common pleas by Section 6705, Revised Statutes (Justices’ Civil Code), which provides that the provisions of the code of civil procedure in the court of common pleas, which are in their nature applicable, shall apply to proceedings before justices of the peace where no special provision is made in the title of the Revised Statutes relating to proceedings before justices of the peace and mayors; that such was the contemporaneous view of the statute by a former distinguished member of this court in his celebrated vade me cum for -justices known as Swan’s Treatise, and' that ever since such has been the uniform practice. Whether or not in the absence of Section 6408, Section 5228 would by virtue of Section 6705 apply to appeals from' justices of the peace to the court of common pleas, and, if it did, whether the appeal was properly taken need not be considered, since it is easily susceptible of demonstration that Section 6408 does apply!
• Prior to the adoption of the present Constitution in 1851, probate courts did not exist in this state. In the administration act of 1840, 38 Ohio Laws, 146, S. & C., 563, Sec. CCLXIII, it is provided: “Every executor or administrator who may have given bond in this state, with- sureties, agreeable to law, shall be authorized in all cases of an appeal from one court to another, by him made, to prosecute the same without filing any appeal bond.'” This section remained in force until repealed in 1878, 75 Ohio Laws, 836-963, by an act, “To revisé and consolidate the laws relating to procedure in the probate court,” passed in pursuance of the plan that resulted in the Revised Statutes of 1880. Section 8 of Chapter *7 of the Act of 1878, 75.Ohio *90 Laws, 836-957, provided for appeals as to certain matters from the probate court to the court of common pleas, and Section 9 provided: “But when the person appealing is a party in a fiduciary capacity, in which he has given bond within the state for the faithful discharge of his duties, and appeals in the interest of the trust, he shall not be required to give bond, but shall be allowed the appeal, by giving, written notice to the court of his intention to appeal within the time limited for giving bond,” and as to the source of the section reference is made to section CCLXIII of the statute of 1840 and to Sections 4 and 6 of an act passed in 1854 (52 Ohio Laws,-103), supplementary to an act relating to practice in the probate court. It may be that Section 9 related solely to appeals from the probate court to the court of common pleas, and was inapplicable to appeals from justices of the peace to the. court of common pleas, but it appears as Section 6408 of the Revised Statutes of 1880, with these words added, “from any judgment or order in any court, or before any tribunal,” and then read as it does now, so that the intention that this provision shall apply to every case for which special provision has not been made is so plain “that he may run that readeth.”

Judgment affirmed.

Shauck, C. J., Price, Crew, Summers, Spear, and Davis, JJ., concur.